IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SHANNA K. MORRIS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 08-CV-690-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Shanna K. Morris, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The undersigned United States Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 1, 2005, application for disability benefits was denied initially and on reconsideration. Hearings before Administrative Law Judge ("ALJ") David W. Engel were held February 26, 2007, and March 17, 2008. By decision dated April 24, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 18, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 26 years old on the alleged date of onset of disability years and 32 years old on the date of the hearing. She has a high school education and formerly worked as nurse aide, daycare worker, and fast food worker. She claims to have been unable to work since January 1, 2003, as a result of respiratory problems, depression, anxiety, borderline intellectual functioning, and daily substance abuse.

The ALJ determined that Plaintiff is able to perform light and sedentary work, but is unable to climb ropes, ladders, and scaffolds, and unable to work exposed to unprotected heights and dangerous moving machinery parts. She is able to understand, remember and carry out simple instructions in a work-related setting, but is unable to interact with the general public more than occasionally, regardless of whether that interaction is in person or over the telephone. [R. 21]. Although Plaintiff is unable to return to her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 26-27]. The case was thus decided at step five of the five-step evaluative

2

sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Assertions on Appeal

Plaintiff asserts that the ALJ's determination should be reversed because the ALJ: failed to evaluate her mental restrictions in accordance with the requirements of *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), and the ALJ's determination is not supported by substantial evidence.

## Analysis

A review of the record was conducted by State Agency Disability Examiner, Burnard Pearce, Ph.D. [R. 280-283]. Based on his review, Dr. Pearce completed a Mental Residual Functional Capacity Assessment form. On the form Dr. Pearce checked boxes indicating that Plaintiff had marked limitations in her ability to interact appropriately with the public and in the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. [R. 282]. In the narrative portion of the form, Dr. Pearce summarized his opinion of Plaintiff's abilities, as follows:

> Able to retain and carry out simple and some more complex tasks with routine supervision. Able to relate to co-workers and supervisors on a superficial basis regarding work. Unable to relate to the general public regarding work.

[R. 283]. The ALJ's RFC decision did not include a marked limitation on Plaintiff's ability to get along with co-workers. Plaintiff argues that the ALJ offered no explanation for omitting that limitation and the decision therefore suffers from the same deficiency discussed by the Tenth Circuit in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), which requires reversal.

3

In *Haga* a consultative examiner rated the claimant moderately impaired in seven out of ten functional categories. The ALJ accepted some of the impairments and incorporated three of them into the RFC finding. The ALJ provided no explanation of his reasons for the apparent rejection of the limitations in the remaining four categories, nor did the ALJ state that any evidence conflicted with the examiner's findings. The *Haga* Court found that it was unexplained why the ALJ adopted some of the examiner's restrictions and rejected others. The case was remanded for an explanation by the ALJ of the evidentiary support for his decision. *Id*. at 1207-1208. Unlike *Haga*, it appears that the ALJ in this case adopted all of the limitations included in the non-examining expert's narrative opinion.

The Mental Residual Functional Capacity Assessment form was completed by Dr. Pearce based on his review of the record. The form identifies the check-box section as "summary conclusions" and states that the narrative portion is to be used to elaborate and explain the capabilities assessed in the summary conclusions. The reviewer is instructed to include information which clarifies limitations indicated in the summary conclusions. Since the narrative portion explains the checkmarked portion of the form and is more particularized to Plaintiff than the checkmarked portion, the undersigned finds it was appropriate for the ALJ to accept the narrative portion without further explanation.

The ALJ was aware of Dr. Pearce's conclusions and noted them in the analysis of the RFC determination, as follows:

> Two medical experts with the State Agency determined that the clamant could perform simple and some more complex tasks with routine supervision and was able to relate to coworkers and supervisors on a superficial basis regarding work and would be unable to relate to the general public regarding work.

[R. 25]. In formulating the hypothetical question presented to the vocational expert, the ALJ rephrased Dr. Pearce's limitation of the ability to relate to co-workers and supervisors on a superficial basis. The hypothetical question included the ability to interact with co-workers and supervisors under routine supervision, as follows:

> Assume in the hypothetical, first hypothetical, an individual able to understand, remember, and carry out simple instructions in a work-related setting, and assume interaction with co-workers and supervisors under routine supervision, but assume interaction with the public only occasionally, and assume it does not make a difference whether this interaction would happen to be in person or over a telephone.

[R. 421]. Based on that hypothetical question, the vocational expert identified the jobs upon which the ALJ relied to deny benefits. [R. 26-27, 421-423].

Since the ALJ accepted the restrictions included in Dr. Pearce's narrative conclusions with only minor rephrasing, the undersigned finds that this case does not present the same situation as the *Haga* case, and therefore *Haga* provides no basis for reversing the ALJ's decision.

Alternatively, to the extent that the ALJ's RFC finding can be read as ignoring or rejecting limitations noted by Dr. Pearce, the Appeals Council provided the rationale that the ALJ's decision may be lacking. The Appeals Council reviewed the record, audited the

recording of the ALJ hearing, and issued its written determination that the record does not support Dr. Pearce's opinion that Plaintiff has a marked limitation in the ability to get along with coworkers and peers. [R. 7]. The Appeals Council noted Plaintiff's statements concerning her activities which include socializing with friends, riding horses, barrel riding, and actively participating in games. The Appeals Council stated that "these statements are not consistent with the conclusion that you are able to only relate to co-workers and supervisors on a superficial basis regarding work[.]" [R. 7]. The undersigned finds that the Appeals Council provided sufficient rationale for the rejection of Dr. Pearce's finding of "marked limitations," and that the Appeals Council's rationale has substantial support in the record.

The undersigned rejects the assertion Plaintiff made in her Reply Brief that the Appeals Council's comments are not appropriate for the court to consider. Plaintiff offered no authority for that assertion. Furthermore, the Appeals Council's comments fulfill the statutory requirement that the Social Security Administration discuss the evidence before it and explain the reasons for any unfavorable decision.[2]

## **CONCLUSION**

Based on the foregoing analysis, the undersigned RECOMMENDS that the case be AFFIRMED.

---

[2] 42 U.S.C. § 405(b) directs the Commissioner of Social Security to:
> make findings of fact, and decisions as to the rights of any individual applying for a payment . . . . Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within fourteen (14) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 21st day of January, 2010.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE