## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SHANNA K. MORRIS,                        )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )          Case No. 08-CV-690-GKF-FHM
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner, Social Security Administration,  )
                                         )
                    Defendant.           )

## O P I N I O N   A N D   O R D E R

Before the court is the Report and Recommendation of United States Magistrate Judge

Frank H. McCarthy on the judicial review of a decision of the Commissioner of the Social

Security Administration denying Social Security disability benefits [Doc. No. 22] and the

Objections thereto filed by plaintiff Shanna K. Morris.  [Doc. No. 23].

## I.  Standard of Review

Pursuant to Fed.R.Civ.P. 72(b)(3), "[t]he district judge must determine de novo any part of

the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  However, even under a de novo review of such

portions of the Report and Recommendation, this court's review of the Commissioner's decision is

limited to a determination of "whether the factual findings are supported by substantial evidence

in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d

758, 760 (10th Cir.2003). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  *Id.*  It is more than a scintilla, but less than a

preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir.2007). The court will "neither

reweigh the evidence nor substitute [its] judgment for that of the agency," *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir.2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991)).

## II.  Procedural Background

On January 24, 2005, plaintiff protectively filed her applications for Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") under Titles II and XVI of the Social Security Act, alleging inability to perform any work since January 1, 2003.  [Doc. No. 14, Administrative Transcript, pp. 91, 94].   After an administrative hearing on February 26, 2007, the ALJ denied plaintiff's claim on July 22, 2007 [*Id.,* pp. 37-44]. Pursuant to plaintiff's request, the Appeals Council remanded the case for further proceedings on November 26, 2007. [*Id.,* pp. 45-49].  After a supplemental hearing on March 17, 2008 [Doc. No. 14-4, Administrative Transcript, pp. 389-426], the ALJ determined on April 24, 2008, that plaintiff was not disabled because she could perform the unskilled sedentary and light jobs the Vocational Expert ("VE") enumerated (i.e., hand packer, press machine operator, assembly work and machine operator). [Doc. No. 14, Administrative Transcript, p. 26].

In her appeal of the Commissioner's decision, plaintiff asserted:   (1) the Administrative Law Judge ("ALJ"), in his decision denying benefits, included some of the mental restrictions that were shown by the record in the claimant's residual functional capacity ("RFC") form but omitted and ignored other mental restrictions shown on the form, in contravention of the Tenth Circuit's ruling in *Haga v. Astrue,* 482 F.3d 1205 (10th Cir. 2007); and (2) as a result of this error, the ALJ's findings as to plaintiff's mental restrictions were not supported by substantial evidence. [Doc. No. 18, pp. 4-7].

The Magistrate Judge recommended the decision of the Social Security Commissioner be affirmed. [Doc. No. 22].  Plaintiff timely filed her Objections to the Report and Recommendation [Doc. No. 23], reasserting her contention that the ALJ's decision ran afoul of *Haga.*

### III.  Analysis

In *Haga,* appellant had numerous physical and mental impairments, partly resulting from long-term and repeated physical and sexual abuse, the suicide of her husband, and limited education/intelligence. *Id.* at 1207.  The ALJ determined that appellant had the residual functional capacity ("RFC") for light work with the following non-exertional restrictions: limited to tasks requiring only occasional stooping and "simple, repetitive tasks" with "only incidental contact with the public" and "no requirement for making change."  *Id.*  The ALJ also found that appellant could not return to her past work as a motel clerk, but could do the job of deli cutter with her RFC.  *Id.*  A consulting mental health professional had completed a mental RFC form on which he marked appellant moderately impaired in seven of 10 functional categories.  *Id.*  The ALJ, however, made an RFC determination which reflected restrictions consistent with three impairments the mental health professional had marked on his form, but rejected the other four restrictions.  *Id.*  Appellant argued–and the court agreed–that the case should be remanded because the ALJ failed to explain why he rejected some of the expert's restrictions while seemingly adopting others.  *Id.*  In so ruling, the court stated:

> An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. Although the government is correct that the ALJ is entitled to resolve any conflicts in the record, the ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment.  So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others.  We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.

3

*Id.* at 1208.

Here, a mental RFC assessment form was completed by State Agency Disability Examiner Burnard Pearce, Ph.D. based upon his review of the record. [Doc. No. 14-3, Administrative Transcript, pp. 281-83].   In Section I of the form, "Summary Conclusions," the examiner was asked to check ranges of limitations on various categories of mental activities.   The instructions for Section I state:

> This section is for recording summary conclusions derived from the evidence in the file.  Each mental activity is to be evaluated within the context of the individual's capacity to sustain that activity over a normal workday and workweek, on an ongoing basis.  *Detailed explanation of the degree of limitation for each category (A through D), as well as any other assessment information you deem appropriate, is to be recorded in Section III (Functional Capacity Assessment).*

[*Id.,* p. 281] (emphasis added).  In subsection C of Section I, "Social Interaction," Dr. Pearce checked "Markedly Limited" for two activities:   "The ability to interact appropriately with the general public" and "The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." [*Id.,* p. 282].

Section III of the form, Functional Capacity Assessment, instructs:

> Record the elaborations on the preceding capacities in this section.  Complete this section ONLY after the SUMMARY CONCLUSIONS section has been completed.  *Explain your summary conclusions in narrative form.  Include any information which clarifies limitation or function.*  Be especially careful to explain conclusions that differ from those of treating medical sources or from the individual's allegations.

[*Id.,* p. 283] (emphasis added).  Dr. Pearce stated in Section III:

> Able to retain and carry out simple and some more complex tasks with routine supervision.
>
> *Able to relate to co-workers and supervisors on a superficial basis regarding work.*
>
> Unable to relate to the general public regarding work.

4

[*Id.*] (emphasis added).  Thus, while Dr. Pearce checked the "Markedly Limited" box on the activity, "Ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes," he amplified and modified  this designation in Section III by stating, "Able to relate to co-workers and supervisors on a superficial basis regarding work."

> The ALJ's decision restated Pearce's Section III explanation almost verbatim:

> Two medical experts with the State Agency determined that the claimant could perform simple and some more complex tasks with routine supervision and was able to relate to coworkers and supervisors on a superficial basis regarding work and would be unable to relate to the general public regarding work.

[Doc. No. 14, p. 25].  Thus, in contrast to the fact situation in *Haga,* where the ALJ rejected without elaboration the RFC evaluation of the expert, the ALJ here *adopted* the expert's evaluation from Section III, and concluded:

> Given the objective medical evidence in the record, the ALJ finds that the claimant's RFC is reasonable, and that the claimant could function within those limitations without experiencing significant exacerbation of her symptoms.

[*Id.*] Magistrate Judge McCarthy concluded, "Since the narrative portion explains the checkmarked portion of the form and is more particularized to Plaintiff than the checkmarked portion, the undersigned finds it was appropriate for the ALJ to accept the narrative portion without further explanation." [Doc. No. 22, p. 4].  The court agrees with this conclusion.

Further, the ALJ examined vocational expert Cheryl Mallon during the February 26, 2007, hearing and posed the following hypothetical question about the availability of jobs for a person with plaintiff's limitations, stating:

> Assume in the hypothetical, first hypothetical, an individual able to understand, remember, and carry out simple instructions in a work-related setting, and assume interaction with co-workers and supervisors under routine supervision, but assume interaction with the public only occasionally, and assume it does not make a difference whether this interaction would happen to be in person or

5

over a telephone.

[Doc. No. 14-4, February 26, 2007, Hearing Transcript, p. 421].  Based on the ALJ's

hypothetical, the vocational expert identified jobs which plaintiff could perform [*Id.,* pp. 421-23].

and the ALJ relied upon these jobs, in part, to deny benefits. [Doc. No. 14, Decision, pp. 26-27].

The Magistrate Judge found, and the court agrees, that alternatively, to the extent the

ALJ's conclusion may be viewed as having rejected Dr. Pearce's rating of plaintiff, the Appeals

Council decision provided any rationale the ALJ's decision might be lacking. [Doc. No. 14,

Appeals Council Decision, pp. 6-10].[1]  Having reviewed the record and audited the transcript of

the hearing, the Appeals Council noted plaintiff's own testimony that she occasionally socialized

with friends at work, that "usual work that one does at work" was boring and she did not want to

do it; and that plaintiff could "relate" if engaging in something active such as riding a horse,

barrel riding or actively participating in a game. [*Id.,* p. 7].  Additionally, the Appeals Council

noted plaintiff's mother's statement that plaintiff has friends who come over and visit her and she

talked to one friend two or three times a week on the phone. [*Id.*] Further, the Appeals Council

noted plaintiff had indicated in a disability report that she went to the park and rode horses

weekly or whenever she got a chance and went shopping and played games daily. [*Id.*].  The

---

[1]42 U.S.C. §405(b)(1) requires that the Commissioner of Social Security make findings of fact and
decisions as to the rights of any individual applying for disability.  Further:

> Any such decision by the Commissioner of Social Security which involves a
> determination of disability and which is in whole or in part unfavorable to such
> individual shall contain a statement of the case, in understandable language, setting
> forth a discussion of the evidence, and stating the Commissioner's determination
> and the reason or reasons upon which it is based.

6

Case 4:08-cv-00690-GKF-FHM   Document 24 Filed in USDC ND/OK on 03/04/10   Page 7 of 7

Appeals Council concluded:

> Again, these statements are not consistent with the conclusion that you are able
> to only relate to co-workers and supervisors on a superficial basis regarding work...

[*Id.*].

The court finds, based upon its review of the record, including the Appeals Council

Decision, that the Social Security Commissioner's decision is supported by substantial evidence

in the administrative record.

### IV.  Conclusion

For the reasons set forth above, the Report and Recommendation of the Magistrate Judge

[Doc. No. 22] is accepted and the decision of the Social Security Commissioner denying plaintiff's

applications for benefits is affirmed.  Plaintiff's Objections [Doc. No. 23] are overruled.

ENTERED this 3rd day of March, 2010.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

7